**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STERILITE CORPORATION, | Case No. 1:22-cv-10327 |
| Plaintiff, | ANSWER AND AFFIRMATIVE DEFENSES |
| vs. | |
| OLIVET INTERNATIONAL, INC. | |

Defendant Olivet International, Inc. ("Olivet"), by its undersigned counsel, as and for its Answer to Sterilite Corporation's ("Sterilite") Complaint dated March 1, 2022 (the "Complaint"), respectfully responds as follows:

## INTRODUCTION

1.      Olivet denies the allegations of paragraph 1 of the Complaint.

2.      Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3.      Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint.

4.      Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

5.      Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6.      Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

7.      Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.      Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.      Olivet denies the allegation in paragraph 9 of the Complaint that the "elements of the Sterilite Trade Dress are non-functional," and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9.

10.     Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.     Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12.     Olivet denies the allegations of paragraph 12 of the Complaint, and objects to the defining of Olivet's products as "Knock-Off Products."

13.     Olivet denies the allegations of paragraph 13 of the Complaint.

14.     Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15.     Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16.     Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17.     The allegations of paragraph 17 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Olivet denies the allegations.

## PARTIES

18.     Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19.     Olivet admits the allegations of paragraph 19 of the Complaint regarding its corporate status and address, and denies the remaining allegations of paragraph 19.

20.     Paragraph 20 of the Complaint states a legal conclusion for which no response is required. To the extent a response is required, Olivet denies the allegation.

## JURISDICTION AND VENUE

21.     Paragraph 20 of the Complaint states a legal conclusion for which no response is required. To the extent a response is required, Olivet admits the allegation.

22.     Paragraph 10 of the Complaint states a legal conclusion for which no response is required. To the extent a response is required, Olivet denies the allegation.

23.     Paragraph 11 of the Complaint states a legal conclusion for which no response is required. To the extent a response is required, Olivet denies the allegation.

## BACKGROUND

*A.     Sterilite and the Trade Dress[1]*

24.     Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25.     Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint.

26.     Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

---

[1] To the extend the section headings can be considered allegations that require a response, Olivet denies that Sterilite has any protectable trade dress.

27.    Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegation of paragraph 27 of the Complaint.

28.    Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, except the allegation that "the Sterilite Trade Dress have acquired secondary meaning," which is a legal conclusion that does not require a response. To the extent the allegation regarding secondary meaning requires a response, Olivet denies the allegation.

**B.    Olivet's Knock-Off Products[2]**

29.    Olivet admits the allegations of paragraph 29 of the Complaint that it was incorporated in 1984 and that it designs, manufactures and sells a variety of consumer goods.

30.    Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

31.    Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32.    Olivet denies the allegations of paragraph 32 of the Complaint.

33.    Olivet admits that the allegation of paragraph 33 of the Complaint that it sells products to Walmart, and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33.

34.    Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint.

35.    Olivet denies the allegations of paragraph 35 of the Complaint.

36.    Olivet denies the allegations of paragraph 36 of the Complaint.

---

[2] To the extend the section headings can be considered allegations that require a response, Olivet denies that Olivet's products are "knock-off" products.

37.     Olivet denies the allegations of paragraph 37 of the Complaint.

38.     Olivet denies the allegations of paragraph 38 of the Complaint.

39.     Olivet denies the allegations of paragraph 39 of the Complaint.

40.     Olivet admits the allegation of paragraph 40 of the Complaint.

41.     Olivet admits that it was a party to the action referenced in paragraph 41 of the Complaint and refers the Court to the pleadings for their contents.

42.     Olivet admits that it was a party to the action referenced in paragraph 42 of the Complaint and refers the Court to the pleadings for their contents.

43.     Olivet admits the allegation of paragraph 43 of the Complaint.

44.     Olivet admits the allegation of paragraph 44 of the Complaint that it responded to Sterilite's cease and desist letter, but denies the characterization of the contents of the letter as "wrong as a matter of fact and law."

45.     Olivet denies the allegation of paragraph 45 of the Complaint that it has engaged in any "infringing use of Sterilite's trade dress."

46.     The allegations of paragraph 46 of the Complaint contain legal conclusions to which no response is required, but to the extent a response is required, Olivet denies the allegations.

## COUNT I

### (Unfair Competition: Trade Dress, 15 U.S.C. § 1125(a))

47.     Olivet incorporates the responses contained in the preceding paragraphs as if fully set forth herein.

48.     Olivet denies the allegations of paragraph 48 of the Complaint.

49.     Olivet admits the allegations of paragraph 49 of the Complaint.

50.     Olivet denies the allegations of paragraph 50 of the Complaint.

51.     Olivet denies the allegations of paragraph 51 of the Complaint.

52.     Olivet denies the allegations of paragraph 52 of the Complaint.

53.     Olivet denies the allegations of paragraph 53 of the Complaint.

## COUNT II

### (Massachusetts Unfair Competition under Mass. Gen. Laws ch. 93(A), § 11.)

54.     Olivet incorporates the responses contained in the preceding paragraphs as if fully set forth herein.

55.     Olivet admits the allegations of paragraph 55 of the Complaint.

56.     Olivet denies the allegations of paragraph 56 of the Complaint.

57.     Olivet denies the allegations of paragraph 57 of the Complaint.

58.     Olivet denies the allegations of paragraph 58 of the Complaint.

## COUNT III

### (Dilution Under Mass. Gen. Laws ch. 110H, § 13)

59.     Olivet incorporates the responses contained in the preceding paragraphs as if fully set forth herein.

60.     Olivet denies the allegations of paragraph 60 of the Complaint.

61.     Olivet denies the allegations of paragraph 61 of the Complaint.

62.     Olivet denies the allegations of paragraph 62 of the Complaint.

63.     Olivet denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint.

64.     Olivet denies the allegations of paragraph 64 of the Complaint.

65.     Olivet denies the allegations of paragraph 65 of the Complaint.

## COUNT IV

### (Common Law Unfair Competition)

66.     Olivet incorporates the responses contained in the preceding paragraphs as if fully set forth herein.

67.     Olivet denies the allegations of paragraph 67 of the Complaint.

68.     Olivet denies the allegations of paragraph 68 of the Complaint.

69.     Olivet denies the allegations of paragraph 69 of the Complaint.

70.     Olivet denies the allegations of paragraph 70 of the Complaint.

## COUNT V

### (Tortious Interference with Business Relationships)

71.     Olivet incorporates the responses contained in the preceding paragraphs as if fully set forth herein.

72.     Olivet denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Complaint.

73.     Olivet denies the allegation of paragraph 73 of the Complaint.

74.     Olivet denies the allegation of paragraph 74 of the Complaint.

75.     Olivet denies the allegation of paragraph 75 of the Complaint.

76.     Olivet denies the allegation of paragraph 76 of the Complaint.

### AFFIRMATIVE DEFENSES

Olivet asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted. Olivet does not assume the burden of proof of any defenses, except as required by the applicable law with respect to the particular defense asserted. Olivet reserves the right to assert other defenses and/or

to supplement or amend its Answer and Affirmative Defenses to the Complaint upon discovery of facts or evidence rendering such action appropriate.

## FIRST AFFIRMATIVE DEFENSE

77.    Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff cannot establish any of the elements of its claims, including, but not limited to because Plaintiff's asserted trade dress is not protectable.

## SECOND AFFIRMATIVE DEFENSE

78.    Plaintiff's claims are barred, in whole or in part, due to the lack of personal jurisdiction over Olivet.

## THIRD AFFIRMATIVE DEFENSE

79.    Plaintiff's alleged trade dress is comprised entirely of functional elements and is therefore not entitled to protection as trade dress.

## FOURTH AFFIRMATIVE DEFENSE

80.    Plaintiff's alleged trade dress is not sufficiently distinctive to differentiate its products from those of others in the marketplace.

## FIFTH AFFIRMATIVE DEFENSE

81.    Plaintiff has failed to police the marketplace to prevent the other market participants from using designs similar to Plaintiff's alleged trade dress for several years. Widespread use of similar product designs has created the perception of genericness among the public as to the design of the products using Plaintiff's alleged trade dress.

## SIXTH AFFIRMATIVE DEFENSE

82.    Plaintiff's claims are barred by the equitable doctrine of estoppel and waiver.

8

## SEVENTH AFFIRMATIVE DEFENSE

83.     Plaintiff's claims are barred, in whole or in part, by the expiration of the statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

84.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

85.     Plaintiff's claims are barred, in whole or in part, by its failure to mitigate its damages.

## TENTH AFFIRMATIVE DEFENSE

86.     Plaintiff's claims are barred, in whole or in part, because there is no likelihood of consumer confusion as to the source of the products.

## ELEVENTH AFFIRMATIVE DEFENSE

87.     Plaintiff's claims are barred because Plaintiff's alleged trade dress is generic.

## TWELFTH AFFIRMATIVE DEFENSE

88.     Plaintiff's claims are barred because Olivet does not infringe Plaintiff's alleged trade dress.

## THIRTEENTH AFFIRMATIVE DEFENSE

89.     Plaintiff's claims are barred because Olivet's use of Plaintiff's trade dress, if any, is a fair use.

## FOURTEENTH AFFIRMATIVE DEFENSE

90.     Plaintiff's claims for injunctive relief are barred because Plaintiff will not suffer any irreparable harm and has an adequate remedy at law.

## FIFTEENTH AFFIRMATIVE DEFENSE

91.    Plaintiff's claims are barred by the equitable doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

92.    Plaintiff's claims against Olivet are barred because Plaintiff suffered no damages as a result of Olivet's conduct, and if it did suffer any damages, they were not caused by Olivet.

## PRAYER FOR RELIEF

WHEREFORE, Olivet demands relief as follows:

(a)    That Plaintiff's Complaint be dismissed with prejudice;

(b)    That Olivet be awarded costs incurred in defending this action;

(c)    That Olivet be awarded attorney's fees incurred in defending this action; and,

(d)    That Olivet be awarded such other and further relief as the court deems just and proper.

Dated: July 25, 2022                 GOLDBERG SEGALLA, LLP
       New York, New York

                                     By: /s/ Matthew S. Trokenheim
                                     _____
                                     Matthew S. Trokeheim, Esq.
                                     Michael A. Siem, Esq.
                                     711 Third Avenue, Suite 1900
                                     New York, New York 10017
                                     Tel. 646.292.8700
                                     Fax. 646.292-8701
                                     Em. mtrokenheim@goldbergsegalla.com
                                     Em. msiem@goldbergsegalla.com

                                     ARROWOOD LLP

                                     /s/ Raymond P. Ausrotas
                                     _____
                                     Raymond P. Ausrotas (BBO #640315)
                                     rausrtoas@arrowoodllp.com
                                     Cathleen A. Liacos (BBO#696479)
                                     cliacos@arrowoodllp.com

10

Arrowood LLP
10 Post Office Square
7th Floor South
Boston, MA 02109
(617) 849-6200 telephone
(617) 849-6201 facsimile

*Attorneys for Defendant*
*Olivet International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2022, I electronically filed the foregoing paper with the Clerk of Court using the ECF system, which will send notifications of such filing to counsel for all parties of record.

/s/ Raymond P. Ausrotas

Raymond P. Ausrotas

12