UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STERILITE CORPORATION,<br><br>      Plaintiff,<br><br> v.<br><br>OLIVET INTERNATIONAL, INC.,<br><br>      Defendant. | Civil Docket No. 1:22-cv-10327 |

**MOTION FOR THE DIRECTION OF A VERDICT
AS A MATTER OF LAW PURSUANT TO FRCP 50(A)**

  Once a party has been completely heard on an issue at trial, the trial court is permitted to grant judgment as a matter of law (JMOL), also known as a directed verdict, against that party on a claim or defense based on that issue if the court determines that there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on the issue and the party's claim or defense cannot be maintained under controlling law without a favorable finding on that issue. FRCP 50(a)(1).

  Judgment as a matter of law is appropriate if there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-movant under controlling jurisprudence. JMOL is proper when there exists no legally sufficient basis for a reasonable jury to find for the nonmovant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250–251, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

  A court, when scrutinizing a JMOL/directed verdict application, must (1) consider all of the evidence; (2) in a light most favorable to the nonmoving party; (3) drawing reasonable inferences favorable to the nonmoving party; (4) without determining the credibility of witnesses;
1

and (5) without substituting its judgment for that of the jury on conflicting evidence. *Newell Companies, Inc. v. Kenney Manufacturing Co.*, 606 F. Supp. 1282, 1291 (D.R.I. 1985). If, after applying these guidelines, a court is persuaded upon the record before the jury that reasonable persons could not reach a verdict for the nonmoving party, it must grant the motion for a directed verdict. *Id*. See also *Rebel Oil Co.* v. *Atlantic Richfield Co.*, 51 F.3d 1421, 1435 (9th Cir.), *cert. denied*, 133 L. Ed. 2d 424, 116 S. Ct. 515 (1995) (standard upon motion for directed verdict, judgment notwithstanding the verdict, and summary judgment is "whether the jury, drawing all inferences in favor of the nonmoving party, could reasonably render a verdict in favor of the nonmoving party in light of the substantive law") (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)). Additionally, "the non-moving party must have presented 'more than a mere scintilla' of evidence' to survive a motion for judgment as a matter of law and cannot rely on 'conjecture or speculation.'" *Gonzalez-Perez v Toledo-Davila*, 709 F Supp 2d 125 (D.P.R. 2010) (*quoting Katz v. City Metal Co.*, 87 F.3d 26 (1st Cir. 1996)). *See also McGreevy v. Daktronics, Inc*., 156 F.3d 837 (8th Cir. 1998) (affirming rial court grant of judgment as matter of law dismissing tortious interference claim because insufficient evidence of improper means that caused damages); *Godix Equip. Export Corp. v. Caterpillar, Inc.*, 948 F. Supp. 1570 (S.D. Fla. 1996)(granting judgment as a matter of law on antitrust claim because no evidence in the record showed that the price-fixing proximately caused Plaintiffs' damages).

Here, Sterilite has maintained a theory that it may seek damages in the form of lost profits related to lost wastebasket sales because those lost sales were caused by the improper means of the alleged infringement on the trade dress on the drawers and cabinets. Based on this narrow theory, the Court agreed to advise the jury:

> Sterilite's theory is that a reasonable jury could conclude based on the evidence that Olivet -- excuse me, that had Olivet not offered to sell Walmart knockoffs of the

drawers and cabinets, Walmart would not have agreed to purchase the knockoff wastebaskets, and instead would have continued to purchase those products from Sterilite.

4/7/25 Tr. 2-33:2-7.

Sterilite has rested its case without submitting any evidence to support this theory. The only evidence related to what caused the loss of Sterilite's wastebaskets revenue is testimony that Sterilite failed to keep up with Walmart's demand. Sterilite may point to evidence showing that Olivet shipped its first batch of drawers and cabinets to Walmart before it shipped its first batch of wastebaskets. Sterilite would like the Court and the jury to make an unreasonable inference from this timing that the order of shipments reflects one causing the other. However, surpassing a motion for judgment as a matter of law require "more evidence than mere curious timing coupled with speculative theories." *EEOC v EmCare, Inc.*, 857 F3d 678, 683 (5th Cir 2017) (dismissing retaliation claim because suspicious timing insufficient too speculative to establish causation). One may as well infer that any other new Olivet product that preceded the wastebaskets caused Sterilite's loss of wastebasket business. The temporal relationship cannot bear the weight that Sterilite is attempting to put on it. There is no evidence that the buyers for the two relevant departments spoke with each other on this or any other topic There is no evidence that anyone at Olivet communicated with one buyer about the other. No evidence exists to support Sterilite's theory that the alleged cabinet/drawer infringement caused loss of wastebasket sales.

## CONCLUSION

At trial, looking at the evidence in the light most favorable of Sterlite and drawing all reasonable inferences in Sterlite's favor, Sterilite has failed to prove a the key element of its tortious interference claim with respect to the alleged lost wastebasket profits. Olivet therefore respectfully requests that the Court dismiss the allegations that drawer/cabinet infringement caused

3

Sterilite's wastebasket losses and preclude the jury from considering any evidence of Sterilite's wastebasket losses.

Respectfully submitted this 11th day of April, 2025,

/s/ Raymond P. Ausrotas
Raymond P. Ausrotas (BBO #640315)
Cathleen A. Liacos (BBO #696479)
Arrowood LLP
One Bowdoin Square, Suite 300
Boston, Massachusetts 02114
T. 617.849.6200
F. 617.849.6201
rausrtosas@arrowoodllp.com
cliacos@arrowoodllp.com

/s/ Matthew S. Trokenheim
Matthew S. Trokenheim
Matthew S. Marrone
Goldberg Segalla LLP
711 3rd Avenue – Suite 1900
New York, New York 10017-4014
T. 646.292.8700
F. 646.292.8701
mtrokenheim@goldbergsegalla.com
mmarrone@goldbergsegalla.com

*Attorneys for Defendant*
*Olivet International, Inc..*

## CERTIFICATE OF SERVICE

I, Raymond P. Ausrotas, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 24, 2025.

/s/ Raymond P. Ausrotas
Raymond P. Ausrotas (BBO #640315)