IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STERILITE CORPORATION,<br><br>Plaintiff<br><br>v.<br><br>OLIVET INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 1:22-cv-10327-JEK |

**OLIVET'S SUPPLEMENTAL BRIEF REGARDING
<u>PLAINTIFF'S MOTION FOR A PERMANENT INJUNCTION</u>**

I.  **Introduction**

On July 31, 2025, the Court heard oral argument on, *inter alia*, Sterilite's Motion for Permanent Injunction, which Olivet opposes in part. During the hearing, the Court invited the parties to submit supplemental briefing regarding two points:

1. Whether there is Massachusetts case law recognizing a "consequential injunctive relief theory on a tortious interference claim" Dkt. 269, Transcript of July 31, 2025 Hearing ("Hearing Tr."), 50:23-25.

2. Whether there is any evidence to support including Sam's Club in the injunction. *Id*., 53:13-54:9.

The Court further entered a notice stating that any supplemental briefing should be limited to five pages and submitted within one week of the hearing. Dkt. 268.

Olivet respectfully submits that the answer to both questions is no. As discussed below, Olivet is unaware of any caselaw in Massachusetts which holds that an injunction should issue as a form of consequential relief. Instead, injunctions typically issue against the actual tortious act or unlawful conduct.

Additionally, the trial record does not support enjoining the sale of wastebaskets to Sam's Club.

II.  **Olivet is Unaware of Any Massachusetts Caselaw Supporting Sterilite's "Consequential Injunctive Relief Theory"**

During the hearing, the Court noted that the wastebaskets were introduced as evidence for consequential damages, not to support an injunction:

> The ***reason why the wastebaskets were in the case*** and the wastebasket was a ***consequential damages theory***, the theory was, and I instructed the jury repeatedly that that evidence only bore out the tortious interference claim, the harm from, and it was tied specifically to Massachusetts case law saying you can get consequential damages on a tortious interference claim, and ***it seems to me that you're trying to make a kind of consequential injunctive relief theory*** or something that because

1

the jury found in your favor on trademark infringement claim, that you get this on wastebaskets, but *I did not understand ever that theory to be presented to me or in the case*.

Hearing Tr. 49:17-50:12.[1]  Accordingly, the Court asked:

Is there a Massachusetts case law kind of recognizing that sort of a consequential injunctive relief theory on a tortious interference claim?

Hearing Tr. 50:23-25.

Sterilite's counsel did not provide any such law at the hearing. As stated during the hearing, counsel for Olivet, despite diligent searching, is unaware of Massachusetts caselaw supporting consequential injunctive relief on a tortious interference claim. Instead, Massachusetts courts focus on preventing future violations, and thus, the injunction "must be grounded in a present showing that *future unlawful conduct is probable*." *Clearly v. Commissioner of Public Welfare*, 21 Mass. App. Ct. 140, 150 (Mass. App. Ct. 1985); *see also LightLab Imaging, Inc. v. Axsun Tech., Inc.*, 469 Mass. 181, 194-195 (2014) (in tortious interference and trade secret misappropriation case, court properly examined whether defendant would use or intended to use trade secret related to lasers). Similarly, the Restatement of Torts explains, injunctions are proper "against future violations". Restatement (Second) of Torts § 774A cmt. F (Am. Law. Inst. 1979, October 2024 Update).

Here, the sale of wastebaskets *was not the unlawful conduct* that formed the basis for Sterilite's tortious interference claim.  Instead, the unlawful conduct that forms the basis for such claim is the finding that Olivet infringed Sterilite's trade dress for cabinets and shelves. Since Olivet has agreed to an injunction against the future sale of accused cabinets and shelves, the occurrence of this unlawful conduct in the future will already be prevented and is not probable.

Sterilite included two cases from the district of Massachusetts in its reply brief as allegedly supporting an injunction against the wastebaskets, namely,  *KPM Analytics N. Am. Corp. v. Blue*

---

[1] All emphasis added unless otherwise stated.

2

*Sun Sci., LLC,* 729 F. Supp. 3d 84, 122-25 (D. Mass. 2024) (judgment entered, 2025 WL 438735 (D. Mass. Feb. 7, 2025)) and *Corp. Techs., Inc. v. Harnett*, 943 F. Supp. 2d 233, 235-36 (D. Mass. 2013) (*aff'd,* 731 F.3d 6 (1st Cir. 2013)). But neither case supports Sterilite's position.

In *KPM Analytics*, defendant BlueSky stole KPM's trade secrets, which extended to "its proprietary UCal software, its calibration datasets, and its customer information". 729 F. Supp. at 96, 123. The theft of trade secrets were the unlawful conduct in that case. Thus, the Court entered a permanent injunction preventing further trade secret infringement. 2025 WL 438735, at *3-4. The injunction also prevented the sale of products to KPM's customers for a period of ten years since Blue Sky had stolen customer lists (i.e., KPM's trade secrets). *See id.*

In *Corp. Techs.*, the Court entered a one-year injunction to prevent Harnett from violating his non-solicitation agreement with Corporate Technologies. 943 F. Supp. 2d 233, at *245-246. Harnett also sought an injunction to prevent Harnett from mischaracterizing the agreement in the marketplace. *Id.* at *246. However, the Court denied that request since Harnett could not demonstrate the tortious interference amounted to a "present threat" of future harm. *Id.* at *247-248.

These two cases also do not support an injunction as a form of consequential damages. They are actually consistent with the law cited by Olivet since they focus on enjoining the unlawful conduct that forms the basis for the tortious interference claim.

During the hearing, the Court also inquired about whether an injunction against the wastebaskets is appropriate since, "going forward", Olivet would "still [be] benefiting from having infringed the trade dress, and as a consequence getting the wastebasket lid business." Hearing Tr. 64:8-13. Putting aside that Olivet has agreed to an injunction against any "unlawful conduct" and the sale of the wastebaskets is not unlawful, there is no evidence in this record that Olivet will still

3

benefit by continuing to "get the wastebasket lid business." Instead, as Ken MacDonald, Sterilite's Vice President of Sterilite's Walmart account testified, suppliers such as Sterilite participate in *yearly* line reviews where they can pitch to Walmart for business. Dkt. 220, Trial Day 3, 64:9-65:22. An injunction is not needed since each year, Sterilite, like anyone else, is able to pitch for the wastebasket business from Walmart.

Moreover, there is no evidence in this record that the past infringement of Sterilite's trade dress for cabinets and shelves is a factor that Walmart considers in selecting suppliers on year-to-year going forward basis. Nor is there any evidence that Walmart has committed to buying wastebaskets from Olivet beyond 2025.

Under these circumstances, there is no basis for enjoining Olivet's sale of wastebaskets to Walmart, let alone enjoining such sales in perpetuity as Sterilite proposes.

### III.     Evidence Does Not Support an Injunction Relating to Sam's Club

The trial record also does not support including Sam's Club in the injunction. Sam's Club appears to have been mentioned exactly twice at trial. In the first instance, Sam's Club was mentioned in the context of recycling of icing buckets by EcoTech, Dkt. 222, Trial Day 5, 111:4-24, which has nothing to do with the issues in this case. In the second instance, Sam's Club was mentioned as a buyer of Olivet products, without any mention of the products at issue in this case. Dkt. 222, Trial Day 5, 135:21-23.

During the hearing, Sterilite also mentioned Trial Exhibit 133 as supporting the injunction. Hearing Tr. 62:5-13. Trial Exhibit 133 is a summary of Sterilite's sales to Walmart and Sam's Club. However, Trial Exhibit 133 does not demonstrate any sales of wastebaskets by Sterilite to Sam's Club, let alone sales by Olivet. Instead, it shows that **Sterilite made sales** of its **4-shelf cabinets** to Sam's Club. Trial Exhibit 134, which details Olivet's sales, does not include any information as to Sam's Club.

4

This testimony and evidence accordingly does not support an injunction against the sale of wastebaskets to Sam's Club. *See LightLab Imaging, Inc. v. Axsun Tech., Inc.*, 469 Mass. 181, 194 (2014) ("A permanent injunction should not be granted to prohibit acts that there is no reasonable basis to fear will occur.").

### IV.    Conclusion

For the foregoing reasons, and for the reasons previously briefed and argued, Olivet respectfully submits that there is no basis for enjoining Olivet's sale of its current 11-gallon and 13- gallon wastebasket lid designs (or any substantially similar design) to Walmart or Sam's Club.

Respectfully submitted this 7th day of August, 2025,

|  |  |
|---|---|
|  | /s/ Raymond P. Ausrotas |
|  | Raymond P. Ausrotas (BBO #640315) |
|  | Cathleen A. Liacos (BBO #696479 |
|  | ARROWOOD LLP |
|  | One Bowdoin Square, Suite 300 |
|  | Boston, Massachusetts 02114 |
|  | T. 617.849.6200 |
|  | F. 617.849.6201 |
|  | rausrtosas@arrowoodllp.com |
|  | cliacos@arrowoodllp.com |
| /s/ Matthew S. Trokenheim | /s/ Anthony F. Lo Cicero |
| Matthew S. Trokenheim (admitted *pro hac vice*) | Anthony F. Lo Cicero (admitted *pro hac vice*) |
| Matthew S. Marrone (admitted *pro hac vice*) | Brian A. Comack (admitted *pro hac vice*) |
| GOLDBERG SEGALLA LLP | Olivia A. Harris (admitted *pro hac vice*) |
| 711 3rd Avenue – Suite 1900 | AMSTER ROTHSTEIN & EBENSTEIN LLP |
| New York, New York 10017-4014 | 405 Lexington Avenue, 48th Floor |
| T. 646.292.8700 | New York, New York 10174 |
| F. 646.292.8701 | T. 212.336.8000 |
| mtrokenheim@goldbergsegalla.com | F. 212.336.8001 |
| mmarrone@goldbergsegalla.com | alocicero@arelaw.com |
|  | bcomack@arelaw.com |
|  | oharris@arelaw.com |

*Attorneys for Defendant*
*Olivet International, Inc.*

**CERTIFICATE OF SERVICE**

      I, Olivia A. Harris, hereby certify that this document filed through the ECF system will be sent electronically to all counsel of record having appeared

August 7, 2025                      _/s/ Olivia A. Harris_
                                         Olivia A. Harris